Bailey, J., presiding.
This was a petition to recover residuary legacies from the defendant as executor of William D. Tubbs, in which the following case agreed was submitted to the court:
William D. Tubbs, in his lifetime, became the surety (2) of H. N. Williams and C. C. Green, who were merchants and partners trading, in Elizabeth City, under the firm and style of H. N. Williams Co., on a note signed by them, H. N. Williams Co., payable to Lovey S. Pool, executrix of Thomas Pool, for the sum of $5,000, and interest from 1 February, 1842. The said William D. Tubbs, by his last will and testament, appointed the said H. N. Williams his executor, and died in 1840. The said Williams duly qualified as executor and took possession of the legacies bequeathed to the petitioners and others. At the Fall Term, 1842, of Pasquotank judgment was obtained on the said note against the said Williams and Green and against the said Williams as executor of William D. Tubbs; execution issued thereon and was subsequently enjoined. Shortly after the rendition of the said judgment on the said note the *Page 12 
defendant Williams was decreed a bankrupt, as was also the said Green, and received his certificate of discharge at Fall Term, 1842, of the District Court of the United States for the district of North Carolina, at Edenton. The said Williams retained the possession of the negroes and other legacies bequeathed to the petitioners, and hired them out and received the hires, according to the report of W. W. Griffin as herewith filed, up to 1 June, 1847. Execution issued on said judgment from Fall Term, 1842, of Pasquotank, against H. N. Williams and C. C. Green, merchants and partners, trading under the firm and style of H. N. Williams Co., and H. N. Williams, executor of William D. Tubbs, returnable to Spring Term, 1843, of said court, which was enjoined by a writ of injunction issuing from the District Court of the United States for the district of North Carolina, at Edenton.
(3) The plaintiff in the said execution proved her said debt regularly before the commissioner in bankruptcy for the county of Pasquotank, and received the dividends declared from the assignee and endorsed the same as credits on her said claim. The plaintiff in the said judgment afterwards issued her scirefacias against the defendant Williams, as the executor of William D. Tubbs, on her said judgment, returnable to Fall Term, 1846, of Pasquotank, at which term her judgment was revived for the amount then due on the same against the defendant, as the executor of W. D. Tubbs. Execution issued on the said judgment returnable to Spring Term, 1847, of Pasquotank, and by virtue of which the sheriff of Pasquotank levied on the negroes in the hands of the defendant, as executor of W. D. Tubbs, and which were the same given in the will of the said Tubbs to the petitioners. The negroes so levied upon were subsequently sold under a venditioni exponas, returnable to Fall Term, 1847, of Pasquotank, issued on said judgment. As will appear by the report of W. W. Griffin, the sum of $1,556.71, of said W. D. Tubbs, which came to the hands of the defendant Williams as executor of said Tubbs, which amount arose from the legacies and were part of the legacies bequeathed to the petitioners, was applied to the satisfaction of the balance due on said judgment and execution in favor of the said Lovey S. Pool, to and upon which debt Tubbs is admitted to have been surety only.
Now, if upon the foregoing case agreed his Honor shall be of opinion that the defendant H. N. Williams, notwithstanding his certificate and discharge as a bankrupt, is liable to account to and with the petitioners for the said sum of $1,556.71, applied as aforesaid to the payment of the balance due as aforesaid *Page 13 
on the execution aforesaid, then judgment is to be rendered in favor of the petitioners for $1,776.94, with interest from 23 October, 1848. But should his Honor be of a (4) different opinion, and hold that the defendant is only liable for the balance reported by said W. W. Griffin, to wit, $220.23, then the report is to be confirmed and judgment accordingly.
His Honor being of opinion that the defendant Williams was only liable for the said balance of $220.23, as found and reported by said Griffin, gave judgment and decreed accordingly, from which judgment and decree the plaintiff prayed for and obtained an appeal to the Supreme Court.
It is provided by the bankrupt act that, under a commission against the principal, a surety may prove the debt, and the certificate is a discharge of the principal, from the cause of action or claim, as well of the surety as of the creditor; so that if Tubbs, the surety, was living, and (5) had been forced to pay the debt, he could not recover from the defendant. This, it seems to us, is decisive of the case. The petitioners apply for their legacies; the defendant insists that a large part of the assets which would otherwise have been applicable to their legacies has been taken by a judgment creditor. The petitioners reply that was a debt upon which our testator was your surety. The defendant rejoins, "True! but I was discharged as a bankrupt, your testator had no cause of action against me, and you, who stand in his place, can have no higher claim." We concur with his Honor.
PER CURIAM. Judgment affirmed.